

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,        )
                                      )
vs.                                   )        No. SD36327
                                      )
BILLY RAY LITTLEFIELD,                )        **Filed:  September 14, 2020**
                                      )
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Circuit Judge

**<u>AFFIRMED</u>**

Billy Ray Littlefield ("Appellant") challenges the sufficiency of the evidence for a conviction of attempted robbery in the first degree; specifically, Appellant argues that there was insufficient evidence of the use of physical force "for the purpose of overcoming the officer and the retention of" the stolen goods.  We disagree and affirm the conviction.

Appellant was at Walmart with his fiancée and brother.  While at Walmart, Appellant admittedly took a flashlight from its container and did not pay for it.[1]  After the

---

[1] The stolen flashlight was retrieved from Appellant's person by an officer at the time he was arrested. Appellant did pay for several other items.

police were called to Walmart and confronted Appellant, Appellant ran toward the self-checkout kiosks. When an officer caught up to him, Appellant physically resisted by pulling away from the officer's grasp. The officer instructed Appellant to stop resisting. Appellant yelled out, "Shoot this fool." At that same time and during the struggle, Appellant's brother, who Appellant knew was carrying two firearms, had fled to the back of the store. His brother tripped on a shopping cart and fell to the ground, which caused the gun he was holding in his hand to fire.

Appellant was convicted of attempted robbery in the first degree. To be convicted of first-degree robbery, there must be evidence that proves Appellant (1) forcibly stole property and (2) in the course thereof he used or threatened the immediate use of a dangerous instrument against any person. Section 569.020.1(3).[2] In order to prove the "forcible" element, the State had to prove that Appellant used or threatened the immediate use of physical force for the purpose of preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking. *State v. Whittaker*, 551 S.W.3d 498, 501-02 (Mo.App. E.D. 2018); Section 569.010(1)(a).

Appellant posits that the testimony that Appellant resisted his arrest and his statement to "[s]hoot this fool" do not provide substantial evidence that he forcibly stole the property. Appellant claims that he was resisting his arrest because he was trying to avoid being arrested for a previous incident in California. His intent was an issue in the

---

[2] All references to statutes are to RSMo 2000.

trial. Appellant fully informed the jury of his reason for resisting the arrest.[3] The jury heard that argument and rejected it. We, likewise, reject it.

Appellant admits in his brief:

> "To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." *State v. Clark*, 490 S.W.3d 704, 707 (Mo. banc 2016) (citation omitted). . . . "Evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable fact-finder might have found the defendant guilty beyond a reasonable doubt." *Id.* (internal quotations and citations omitted).

It is a reasonable inference that Appellant, when confronted by law enforcement officers, chose to resist by physically refusing to be arrested for the theft of the flashlight. His continued resistance was combined with asking his brother, who Appellant knew was armed, to help him by shooting someone.[4] Furthermore, Appellant testified that he thought the police officers were security guards confronting him about stealing merchandise. The jury could also infer that Appellant calling out to "[s]hoot this fool" supports Appellant's testimony that he thought he was asking his brother to shoot a security guard attempting to stop him for stealing a flashlight and not a police officer. As such, sufficient evidence supported the conviction of attempted robbery in the first

---

[3] Appellant further argues that if this conviction is affirmed, "the government could seemingly prove a defendant's specific intent to forcibly steal something by mere possession of stolen property." Appellant bases this argument on part of the closing argument of the State. His argument is unavailing. Appellant was not convicted for merely possessing a stolen item. It is clear that the forcible element in this robbery case is supported primarily by the statement of Appellant to shoot the person restraining him. Had that not occurred, it would be a much closer case.

[4] Even Appellant's claimed intent that he did not want to be arrested because of a previous shooting incident in California supports the fact that Appellant knew his brother was capable of shooting someone. Appellant's story was that back in their home state of California he and his brother were in Appellant's car when his brother threw a bag of M&M's at a girl. The girl's boyfriend later came up to Appellant's car and punched Appellant twice in the face, knocking him out. Appellant claims a gunshot (his brother had shot the girl's boyfriend) woke him up.

3

degree.

Appellant's point is denied, and the judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs in Separate Opinion

William W. Francis, Jr., J. – Concurs

4



# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                        )
                                          )
    Plaintiff-Respondent,          )
                                          )
vs.                                       )          No. SD36327
                                          )
BILLY RAY LITTLEFIELD,                    )
                                          )
    Defendant-Appellant.           )

## **CONCURRING OPINION**

The court correctly rejects Appellant's sufficiency challenge to one element of first-degree robbery.  But Appellant's premise is flawed because he was tried for and convicted of *attempted* first-degree robbery, which means Appellant took any purposeful substantial step toward committing such a robbery.  ***State v. Hutson***, 487 S.W.3d 100, 109 (Mo.App. 2016).  The record plainly shows that.  I concur.

DANIEL E. SCOTT, J. – CONCURRING OPINION AUTHOR